IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM TONY McCROAN,

    Plaintiff,
v.                                            CASE NO. 1:13-cv-93-MP-GRJ

WILLIAM BAXTER, et al.,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C § 1983. Doc. 1. The Court granted Plaintiff leave to proceed as a pauper and directed the payment of an initial partial filing fee and installment payments pursuant to the Prison Litigation Reform Act ("PLRA"). Doc. 4. Upon further review of this case and other cases that Plaintiff has filed in the Northern District of Florida, it is now apparent that Plaintiff was adjudicated both "incompetent to proceed" and "adjudicated not guilty by reason of insanity at the time of the offense" in connection with a pending criminal matter. Therefore, Plaintiff is a civilly-committed detainee and not a prisoner. *See McCroan v. Florida State Hospital*, Case No. 4:13-cv-360-MW-CAS Docs. 5, 6 (Report and Recommendation) (N.D. Fla. 8/15/13). Because Plaintiff's current detention is for non-punitive purposes, he is not a "prisoner" for purposes of the PLRA's filing fee provision and the Order directing the payment of the filing fee will be vacated. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding "that the PLRA's restrictions on actions brought by prisoners do not apply to civilly committed detainees"), *citing Kolocotronis v. Morgan*, 247 F.3d 726 (8th Cir. 2001) (holding that an inmate being held at a mental institution pursuant to a finding that he was not guilty by

reason of insanity was not a prisoner within the meaning of the PLRA.).

In this case, Plaintiff is suing the North Florida Evaluation and Treatment Center ("NFETC") and five administrators, counselors, and psychiatrists at NFETC. Plaintiff contends that he was committed to NFETC for assessment in November 2010. Plaintiff contends that the commitment order from the 14th Judicial Circuit, Jackson County, was invalid and "falsified" by that court, and that NFETC Administrator William Baxter committed professional malpractice and medical neglect in confining him pursuant to the state court's order. Plaintiff contends that the counselors and psychiatrists named as defendants also committed professional malpractice, malfeasance, medical neglect, and fraud. For relief, Plaintiff seeks damages totaling $250,000.

The screening process under 28 U.S.C. § 1915(e)(2)(B) applies to *pro se* litigants who are proceeding *in forma pauperis*. *Boyington v. Geo Group, Inc.*, 2009 WL 3157642 (M.D. Fla.), *citing Troville,* 303 F.3d at 1260 (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not). Pursuant to that statute, the court shall dismiss a case filed *in forma pauperis* at any time if the Court determines, *inter alia*, that the complaint fails to state a claim upon which relief may be granted. A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

Even liberally construed, there are no factual allegations in the Complaint that provide any basis for invoking federal jurisdiction. The Complaint alleges state-law tort claims relating to Plaintiff's treatment at NFETC, but it is devoid of any factual allegations that suggest Defendants violated his federal constitutional rights while he was confined at NFETC. Under these circumstances, the undersigned concludes that amendment of the Complaint would be futile as the facts suggest no basis for the exercise of federal jurisdiction.

To the extent that Plaintiff seeks to challenge his state commitment proceedings, his filings in his other federal cases reflect that he has a pending case through which Plaintiff may pursue his claims. *See McCroan v. State*, Case No. 4:13-cv-502-RH-CAS

Doc. 4 (9/19/13) (Report and Recommendation).  As noted in that case, the Florida First District Court of Appeal entered an order on April 4, 2013, which reversed the denial of Plaintiff's state petition for writ of habeas corpus.  *Id.*, Doc. 1 at 56. The State acknowledged in its response to the petition that "the trial court exceeded its jurisdiction by using a competency hearing to jump all the way to an adjudication of guilty-but-insane."  *Id.*, Doc. 1 at 54.  Because of the "concession of error," the First District remanded Plaintiff's case for further proceedings.  *Id*.  Any relief due Plaintiff in this regard must be pursued in the state courts prior to seeking federal relief.

In light of the foregoing,  it is **ORDERED:**

The Order granting leave to proceed as a pauper, Doc. 4, is **VACATED** only to the extent that the Order required the payment of an initial partial filing fee and installment filing fee payments.  The **Clerk** must refund all fees received to Plaintiff.

It is respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, that all pending motions should be terminated, and that the Clerk should be directed to close the file.

**IN CHAMBERS** this 24th day of September 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**